HERRON et al. v. HEINER, Collector of Internal Revenue.

District Court, W. D. Pennsylvania. December 20, 1927.

No. 3557.

Internal revenue ☞8(14)—Construction of will giving trustees power to defeat bequests for religious, educational and charitable purposes, thereby rendering entire estate taxable, held unwarranted (Revenue Act 1918, § 403 [Comp. St. Ann. Supp. 1919, § 6336¾d]).

A will disposed of a large estate in trust, the entire income from which was to be donated to religious, educational, and charitable purposes, with the exception of certain annuities, with a direction to the trustees to appropriate so much of the income as was "deemed necessary and reasonable" to the support and maintenance of a brother and sister of testator, who were incurably insane and in a hospital for the insane where they had been supported by testator for years. Held, that the latter provision could not be construed as giving the trustees power to appropriate the entire income of the estate for support and maintenance of such two persons and thus eliminate entirely the religious, educational, and charitable bequests, deductible under Revenue Act 1918, § 403 (Comp. St. Ann. Supp. 1919, § 6336¾d), for the purposes of estate tax, and render the entire estate taxable, but that effect must be given to the limitation of the trustees to such sums as were necessary and reasonable for support and maintenance.

At Law. Action by Joseph A. Herron and the Monongahela City Trust Company, surviving executors under the will of J. B. Finley, deceased, against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. On affidavit of defense raising questions of law. Decision for plaintiffs.

Charles E. Young, of Pittsburgh, Pa., for plaintiffs.

John D. Meyer, U. S. Atty., and Wm. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., A. W. Gregg, Gen. Counsel Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., both of Washington, D. C., for defendant.

THOMSON, District Judge. The plaintiffs, surviving executors of the will of J. B. Finley, deceased, bring this suit to recover the sum of $30,138, with interest, which is alleged to have been erroneously assessed and collected as a federal estate tax under the Revenue Act of 1918 (40 Stat. 1057). An affidavit of defense was filed to the statement of claim raising questions of law, which are before the court for determination. In this situation, the material facts of the statement of claim, which are well pleaded, must be admitted in determining the questions of law.

From the statement it appears that the testator, a resident of Pittsburgh, died testate on February 27, 1919, leaving a net estate as determined, for federal estate tax purposes, of $2,142,683.74.

The will, after making certain pecuniary legacies, to his widow and relatives, directed that his entire residuary estate be given to the plaintiffs herein as trustees, directing the trustees to pay from the income $1,000 per month to his widow during her lifetime; then followed the provisions out of which this controversy arises. These are as follows:

"Second: So much from the income of said fund as in the discretion of the trustees shall be deemed necessary and reasonable shall be appropriated to the support and maintenance of my brother, Byron S. Finley and my sister, Florence E. Finley, during their natural lives.

"Third: The sum of one hundred ($100) dollars to be paid monthly during their natural lives to each of the following persons: Rowland M. Finley, William P. Finley, Robert B. Finley, Sylvania Finley, and Annie F. Bowman.

"Fourth: The remainder of the income from my said estate I direct to be divided into four equal parts to be expended and donated by my said trustees or their successors, to charitable purposes in the manner following: One-fourth thereof to the advancement of the cause of Christian religion, one-fourth to the advancement of the cause of education, and one-fourth to the advancement of any other charitable purpose or purposes other than religious or educational, the remaining one-fourth to be invested by my said trustees or their successors as principal until the principal of my estate shall amount to the sum of three million ($3,000,000) dollars. When the same shall reach the said sum of three million ($3,000,000) dollars then the income is to be expended and donated by my said trustees as follows: One-third for the advancement of the cause of Christian religion, one-third for the advancement of the cause of education, and one-third to the advancement of any other charitable purpose or purposes other than religious and educational, said sums to be distributed annually to the respective causes and at shorter intervals in the discretion of my said trustees, they to have full discretion to select the person, corporation, church, society, association, board or medium through and by which these different purposes shall be promoted and to whom this income shall be paid for the advancement of said respective purposes; the beneficiaries to whom said sums are to be paid to be at all times selected or dropped at the discretion of my said trustees."

The widow of the decedent elected, under the law, to take against the will, thereby becoming entitled to one-half of the net estate, real, personal and mixed, in lieu of the provisions made for her under the will.

Byron S. Finley and Florence E. Finley, named in subdivision 2 of article fourth of decedent's will, were incurably insane when decedent died, and had been insane for many years prior thereto; both had been maintained by the decedent in the Mt. Pleasant State Hospital, Jasper county, Iowa, from May 7, 1906, until his death, he having paid the expenses of their maintenance. The total of such expenses during that period for the maintenance of both amounted to $6,399.22, or about $55 per month. After decedent's death, the trustees maintained the said Byron S. Finley in the said hospital until his death, which occurred on August 26, 1925; the expenses of his maintenance during that period being $3,052.31, or a little less than $40 per month. In addition, his funeral and other expenses were paid by the trustees, amounting to $713.18.

The said Florence E. Finley has been maintained in said hospital from the date of the testator's death until the present time. The total amount expended by the trustees to July 1, 1927, was $3,612.45, or an average of $36.12 per month. It is averred by the plaintiffs that the maximum amount which is or may be reasonably required for the future maintenance of the said Florence E. Finley has been fixed by the trustees at $100 per month.

The total net residuary income of the trust estate, after providing for the maintenance of the said Byron and Florence Finley, and the annuities of $100 per month to other relatives, from the date of testator's death to June 30, 1927, amounted to $342,443.88, of which a total of $80,069.48 has been distributed to various churches and religious institutions for the "advancement of the cause of Christian religion," $82,000 has been distributed to various educational institutions "for the advancement of the cause of education," and $77,150 has been paid over to various general charitable organizations for charitable purposes other than religious or educational, and the balance of said net income has been set aside in an accumulation fund, the income from which will be used for such religious, educational, and charitable purposes in the future, in accordance

with subdivision fourth of article fourth of the will. The statement of claim states further the various organizations to which contributions have been made and the amounts paid to each.

The question of law involved arises in this way: Plaintiffs prepared and filed a federal estate tax return covering the estate of the decedent. In making calculation of the net estate subject to tax, the executors determined the present value of the bequests to the trustees for religious, charitable, and educational purposes exempt from tax under the provisions of the act by deducting the sum of the present values of the several monthly payments of $100 per month to relatives, and a further sum representing the present value of the bequests to the trustees for the support of the said Byron S. Finley and Florence E. Finley, based upon the maximum amount fixed by the trustees as reasonably necessary for their support; that is, $100 per month for each. It was thus determined that the present value of the bequests to the trustees for religious, educational, and charitable purposes was $598,-532.35; the tax being found to be $81,078.-62, which amount was paid in full.

The Commissioner of Internal Revenue assessed additional taxes calculated on the theory that the discretion of the trustees as to the amount of income which they might appropriate to the support and maintenance of the two insane persons was unlimited, and that they might therefore, if they saw fit, expend the entire net income from the residuary estate for such purposes. Under this theory, the entire residuary estate was held subject to tax with adjustment, however, for the present value of the several annuities of $100 a month to other relatives. The amount of the charitable exemption was thus reduced, and an additional tax of $37,786 was assessed, which the plaintiff paid under protest on February 21, 1922. The claim for refund being rejected, this action followed.

The statute involved is section 403 of the Revenue Act of 1918 (Comp. St. § 6336¾d), which provides as follows:

Section 403. "That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

*     *     *     *     *     *     *

"(3) The amount of all bequests, legacies, devises, or gifts, to or for the use of the United States, any state, territory, any political subdivision thereof or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917; and."

From the foregoing situation, it would appear:

First. That the power given to the trustees is not to appropriate the income to the use of the two incompetents, but to their support and maintenance; and the amount which the trustees are authorized to expend for their support and maintenance is limited to that which is reasonable and necessary.

Second. The amount which the testator himself considered reasonable for their support and maintenance is conclusively shown by the amounts which he expended for that purpose for more than twelve years prior to his death. This amount for both was $54.70 per month. The amount which the trustees considered reasonable for that purpose is shown by the amount expended since the death of testator, which was $70.30 per month.

Third. The discretion of the trustees in such expenditures being thus limited by the testator, they have no power to appropriate income beyond what is reasonable and necessary for support. To go beyond this limit would be a breach of trust.

Fourth. The gift is not of the income absolutely, but simply a gift of support and maintenance, or a gift of so much of the income as may be reasonable and necessary, and the accumulations belong to the testator's estate.

Fifth. As the will in question specifically provides that only "so much from the income" shall be appropriated, as is necessary, and that "the remainder of the income" shall be devoted to charity, it is clear that the right of the beneficiaries can rise no higher than this gift, which must be determined solely from the provisions of the will itself.

Sixth. The defendant's position involves the assumption that the amount which may be expended by the trustees for maintenance

and support is limited by the amount of the income which the trust fund may earn. This assumption is erroneous under the specific provisions of the will.

Seventh. The judgment of the court cannot, of course, be substituted for that of the trustees, so long as they act within the discretion conferred upon them; but, if they should undertake to apply the large income from this estate for support and maintenance, which could reasonably be supplied by a comparatively small amount, the trustees would subject themselves to injunction from such abuse of discretion in the future, and to surcharge for such excess appropriated in the past.

Eighth. The affidavit of defense raising only questions of law must, for the purposes of this proceeding, be taken to admit the material averments of the statements of claim. These include the value of the bequests to the trustees for the support and maintenance of the two incompetents. It also includes the fact that one of these incompetents, Byron S. Finley, died on August 26, 1925, and that the payment expended by the trustees for his support was $3,785.49; and further that the maximum amount which is, or may be, reasonably and necessarily required for the surviving incompetent is $100 per month.

Ninth. Under the mortality tables, the present value of the bequest of $100 per month to Florence E. Finley, age 64, is $9,778.66. The value of the interest of both these persons in this fund would thus appear to be about $13,544. Under the government's position, such value under the facts shown by the pleadings would be over $301,000.

Tenth. The trustees in this case are under obligations to pay everything to charity except a limited ascertainable amount for the maintenance of the two persons. This gift is vested, and covers the excess of the income in each year over the needs of the two beneficiaries, which amount is here alone in question.

Eleventh. The cases cited by the defendant to support the claim that nothing vests in enjoyment in charities, until the death of the two incompetents, do not sustain the position. In those cases, the charitable use was to arise at some future time upon the happening of some contingency. Here, not only have the charitable interests vested, but a total of $342,443.38 from the income of the trust fund has already been actually paid to the various charitable institutions, or permanently set aside for future payment in accordance with the provisions of the will.

Twelfth. The present value of the life estate of Byron S. Finley is to be determined by considering the actual length of his life; he having died before suit was brought. Expectancy tables and other like evidence must give way in the presence of the fact.

In conclusion: The clear purpose of the testator, in the humane and philanthropic distribution of his large estate must not be defeated, and the manifest purpose of Congress exempting charitable gifts from taxation must not be thwarted by any narrow and meaningless interpretation of testator's will.

As the case stands on the pleadings, the questions of law are found in favor of the plaintiff.